IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

PETER THORNTON,                          :
                                         :
            Petitioner,                  :
                                         :        **7: 13–CV–90187 (HL)**
        VS.                              :        28 U.S.C. § 2255
                                         :        **7: 11-CR-35 (HL)**
UNITED STATES OF AMERICA,                :
                                         :
            Respondent.                  :
_____  :

## ORDER AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on December 12, 2013, is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.   (Doc. 116).

### Background

Petitioner was indicted in the Middle District of Georgia on August 10, 2011.   (Doc. 1). The indictment charged Petitioner with one count of possession with intent to distribute crack cocaine, and five counts of possession with intent to distribute cocaine. During the relevant time period, Petitioner was represented by court-appointed attorney Mickey Johnson.   On December 19, 2011, Petitioner entered into a negotiated plea agreement, wherein he pled guilty to one count of possession with intent to distribute crack cocaine.   (Docs. 59, 60).   On February 27, 2012, Petitioner was sentenced to 188 months imprisonment, followed by 5 years of supervised release. (Docs. 79, 82).   Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which affirmed the conviction.   (Doc. 113).

## Discussion

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.   If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Petitioner alleges that trial counsel was ineffective for (Ground 1) failing to challenge Petitioner's enhanced sentence pursuant to *Harris v. U.S.*, 149 F.3d 1304 (11th Cir. 1998), and for (Ground 2) failing to raise *Harris* on appeal.   Petitioner also asserts that (Ground 3) the court lacked subject matter jurisdiction to impose a career offender sentence enhancement when the Government did not file notice pursuant to 21 U.S.C. § 851, and Petitioner asserts that (Ground 4) he was given a high sentence because of his race, violating his due process and equal protection rights.   (Doc. 116).

*Evidentiary Hearing*

The Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion.   *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984).   "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief."   *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989).

The Court is not required to hold an evidentiary hearing, however, where the record makes "manifest the lack of merit of a Section 2255 claim."   *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).   "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."   *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007).   The record herein is sufficient to evidence that Plaintiff's claims lack merit, and therefore no evidentiary hearing is necessary.

*Procedurally Defaulted Ground*

In Ground 4, Petitioner maintains that the Assistant United States Attorney violated Petitioner's equal protection rights when she sought sentence enhancements after Petitioner entered his guilty plea, which she would not have done if Petitioner had been Caucasian.   (Doc. 116).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."   *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004).   Procedural default applies to all claims, including constitutional issues.   *Id.* "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'[.]"   *Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Mills v. U.S.*, 36 F.3d 1052, 1055 (11th Cir. 1994).

In his direct appeal, Petitioner asserted that his trial counsel was ineffective because he failed to inform Petitioner that Petitioner may be classified as a career offender, and that his classification as a career offender was erroneous.   (*See* Doc. 113).   Petitioner did not appeal

Ground 4, and he has provided no explanation for his failure to raise this ground on direct appeal. Petitioner has not provided any factual support to show "cause" and "actual prejudice" to overcome the procedural bar.   Additionally, Petitioner has not asserted that he is actually innocent.   Therefore, Ground 4, which alleges that Petitioner's due process and equal protection rights were violated when the Assistant United States Attorney allegedly pursued enhanced sentencing, is procedurally barred.

*Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that (1) his attorney's performance was deficient and that (2) he was prejudiced by the inadequate performance.   *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000).   To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.   *Chandler*, 218 F.3d at 1313.   There is a strong presumption in place that the challenged action constituted sound trial strategy.   *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996).   As such, a court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).   In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have produced a

different result. *Weeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000); *Mills v. Singletary*, 63 F.3d 999, 1020 (11th Cir. 1995).   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Strickland*, 466 U.S. at 694.

If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Halley*, 209 F.3d 1243 (11th Cir. 2000).   The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."   *Strickland*, 466 U.S. at 697.

In Grounds 1 and 2, Petitioner alleges that his trial counsel was ineffective for failing to challenge Petitioner's enhanced sentence pursuant to *Harris v. U.S.*, 149 F.3d 1304 (11th Cir. 1998), after the Government failed to file a notice of sentence enhancement, and also for failing to raise *Harris* on appeal.   (Doc. 116).

In *Harris*, the Eleventh Circuit held that the district court lacked jurisdiction to impose an enhanced sentence when the prosecutor failed to file an information concerning prior convictions pursuant to 21 U.S.C. § 851 before the defendant entered a guilty plea.   149 F.3d 1304.   Under 21 U.S.C. § 851(a)(1),

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

However, "the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the [Sentencing] Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range." *Young v. U.S.*, 936 F.2d 533, 536 (11th Cir. 1991).

Petitioner entered into a plea agreement, wherein the statutory sentencing range was a minimum mandatory sentence of five (5) years up to a maximum term of forty (40) years imprisonment. (Doc. 59); *see also* 21 U.S.C. § 841(b)(1)(B)(iii). A § 851 information was not filed in this case. However, in the Presentence Investigation Report, Petitioner was determined to be a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("USSG"). (Doc. 77). Petitioner was sentenced as a career offender to 188 months, or 15 years and 8 months. (Docs. 79, 82). As Petitioner was sentenced as a career offender under USSG § 4B1.1(a), and was sentenced within the permissible statutory range, the Court did not err when it sentenced Petitioner as a career offender without a § 851 information on file. Thus, Petitioner's claim that he was incorrectly sentenced as a career offender is without merit. *See Young*, 936 F.2d at 536; *U.S. v. Kigklighter*, 346 Fed. Appx. 516, 520 (11th Cir. 2009).

As Petitioner's underlying assertion is without merit, Petitioner cannot establish that his counsel provided objectively unreasonable representation by failing to challenge Petitioner's sentence as a career offender pursuant to *Harris* at sentencing or on direct appeal. Petitioner also cannot show that any prejudice resulted from his counsel's failure to raise *Harris* during sentencing or on direct appeal because, if counsel had challenged Petitioner's sentence as a career offender, the challenge would have been meritless and would have been denied. Petitioner's sentence would have remained the same. Therefore, Petitioner is not entitled to

6

relief under either Grounds 1 or 2 of Petitioner's Motion to Vacate.

*Jurisdiction*

In Ground 3, Petitioner alleges that the court lacked jurisdiction to impose a career offender sentence enhancement when the Government did not file an information pursuant to 21 U.S.C. § 851.   (Docs. 116, 127).   Petitioner was sentenced as a career offender under USSG § 4B1.1.   (Doc. 105, Sentencing Hearing).   On direct appeal, Petitioner argued that his classification as a career offender was erroneous.   (Doc. 113).   The Eleventh Circuit Court of Appeals affirmed Petitioner's "188-month, within-guidelines sentence."   (*Id.* at p. 10).

As discussed above, the district court sentenced Petitioner within the statutory guideline range, and thus did not lack jurisdiction to impose a 188-month sentence.   Furthermore, "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal".   *U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).   "If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255."   *Sharp v. U.S.*, 2006 WL 1699726, *2 (M.D. Ala., June 16, 2006).   "A rejected claim does not merit rehearing on a different, but previously available, legal theory."   *Nyhuis*, 211 F.3d at 1343.   As the underlying claim raised in Ground 3 was raised and resolved during Petitioner's direct appeal, this Court is not required to reconsider this claim.

Accordingly, Ground 3, alleging that the court lacked jurisdiction to impose a career offender sentence enhancement when the Government did not file notice pursuant to 21 U.S.C. § 851, should be denied.

**Conclusion**

Petitioner has failed to show that his attorney's performance was deficient, or that Petitioner was prejudiced by his attorney's performance in regard to Petitioner being sentenced as a career offender under USSG § 4B1.1(a).   Furthermore, the Court had jurisdiction to sentence Petitioner as a career offender under USSG § 4B1.1(a).   The Court also finds that Petitioner's due process and equal protection claims are procedurally barred.   Thus, it is the recommendation of the undersigned that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

***Miscellaneous Motion (Doc. 120)***

On January 10, 2014, Petitioner signed a Motion for Court to Issue Show Cause Order, wherein he appears to request the Court to order the Government to file a response to the Motion to Vacate, or to grant Petitioner's Motion to Vacate.   The Court ordered the United States Attorney to file a response to Petitioner's Motion to Vacate on January 9, 2014, and the United

States Attorney filed a Response on January 15, 2014.   (Docs. 119, 121).   Accordingly,

Petitioner's Motion (Doc. 120) is hereby **found to be moot.**

      **SO ORDERED AND RECOMMENDED**, this 27th day of February, 2014.


                     s/ ***THOMAS Q. LANGSTAFF***
                     UNITED STATES MAGISTRATE JUDGE

llf