# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PETER THORNTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

7:13-CV-90187 (HL)

28 U.S.C. § 2255

7:11-CR-35 (HL)

## ORDER

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 128) that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be denied. Petitioner Peter Thornton ("Petitioner") has filed an Objection (Doc. 129) to the Recommendation. After undertaking a *de novo* review of the Recommendation, the Court accepts and adopts it in full.

In his § 2255 motion, Petitioner raised four grounds for vacating his sentence. The first two arguments are that the attorney who served as Petitioner's trial and appellate counsel provided ineffective assistance of counsel by failing to challenge his enhanced sentence using the holding in Harris v. United States, 149 F.3d 1304 (11th Cir. 1998). In the third ground, Petitioner disputes the district court's subject matter jurisdiction to enhance his sentence based on a career offender status when the Government had not filed a notice

pursuant to 21 U.S.C. § 851. Finally, Petitioner asserts that he only received an enhanced sentence because of his race, thus violating his equal protection and due process rights. None of these grounds have merit, and Petitioner's § 2255 motion must be denied.

The first three grounds may be jointly considered. The Government is not required to provide a defendant with notice pursuant to 21 U.S.C. § 851 if the sentence that is ultimately imposed falls within the statutory guidelines. *See* United States v. Kicklighter, 346 F. App'x 516, 520 (11th Cir. 2009); Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991). Thus, there was no basis for Petitioner's attorney to challenge his sentence under United States v. Harris, and the claims of ineffective assistance of counsel fall away. Similarly, the challenge to the district court's jurisdiction to enhance Petitioner's sentence as a career offender falters over the reality that no § 851 notice was even required.

Petitioner appears to have withdrawn the fourth grounds for his § 2255 motion,[1] but regardless, any claim that the sentence violated his equal protection or due process rights has been procedurally defaulted since it was not raised on direct appeal. *See* Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004).

The Court finds that Petitioner has failed to make a substantial showing that he has been denied a constitutional right, and a certificate of appealability is

---

[1] See Petitioner's "Apology for and Abandonment of Due Process and Equal Protection Violation Claim." (Doc. 130).

therefore denied. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

After careful consideration pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge. Petitioner's § 2255 motion is denied, and all pending motions are moot.

**SO ORDERED,** this 21st day of March, 2014.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

scr