AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 7:11-CR-00035-001 |
| Peter Thornton ) | |
| ) | USM No: 95120-020 |
| Date of Original Judgment: 03/05/2012 ) | |
| Date of Previous Amended Judgment: N/A ) | Larry Michael Johnson |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
    ☒ **DENIED.**    ☐ **GRANTED**

*(Complete Parts I and II of Page 2 when motion is granted)*

On December 19, 2011, Thornton entered a guilty plea to Count One of a six-count Indictment, charging him with Possession With Intent to Distribute More Than 28 Grams of Cocaine Base. He was subject to a mandatory minimum term of five to forty years imprisonment and a term of at least four years supervised release. Based on the amount of drugs for which he was held accountable at sentencing, his base offense level was 28. However, he was determined to be a career offender and pursuant to USSG § 4B1.1, his offense level was increased to 34 because he was subject to a maximum possible sentence of forty years. The Court determined his total offense level was 31 after the Court granted him a three-level reduction for acceptance of responsibility. A total offense level 31 and a criminal history category VI yielded an advisory sentencing range of 188-235 months. Thornton was sentenced to 188 months custody, followed by five years of supervised release.

Thornton is seeking a two-level reduction in his total offense level based on Amendment 782 of the *Sentencing Guidelines*. He contends that his offense level should be reduced to 29, but that is an incorrect calculation of the sentencing range. His base offense level would be reduced from 28 to 26. However, he remains a Career Offender with a possible maximum sentence of forty years imprisonment. As such, based on USSG § 4B1.1, his offense level would again be 34. With the three-level reduction for acceptance of responsibility, his range would remain 188-235 months based on a total offense level 31 and a criminal history category VI. Pursuant to USSG § 1B1.10(a)(2)(B), a reduction in sentence is not authorized as Amendment 782 does not have the effect of lowering his applicable guideline sentence range.

Additionally, the Court notes that Thornton was sentenced under the provisions of Career Offender found at USSG § 4B1.1. In *U.S. v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008) and *U.S. v. Lawson*, 686 F.3d 1317, 1320B21 (11th Cir. 2012), cert denied, 133 S.Ct 568 (U.S. Oct. 29, 2012) (No. 12-6573), the 11th Circuit previously ruled that Career Offenders were not entitled to relief under Amendments 706 and 750. The Court finds that Career Offenders are also not entitled to relief under Amendment 782. The defendant's motion for sentence reduction is **DENIED.**

Except as otherwise provided, all provisions of the judgment dated    03/05/2012    shall remain in effect.
**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date: 10/19/2022 | s/Hugh Lawson |
| | *Judge's signature* |
| Effective Date: 10/19/2022 | Hugh Lawson, Senior U.S. District Judge |
| *(if different from order date)* | *Printed name and title* |

AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Peter Thornton
CASE NUMBER: 7:11-CR-00035-001
DISTRICT: Middle Georgia

**I. COURT DETERMINATION OF GUIDELINE RANGE** *(Prior to Any Departures)*

Previous Total Offense Level: 31         Amended Total Offense Level: 31
Criminal History Category:     VI         Criminal History Category:     VI
Previous Guideline Range: 188 to 235 months    Amended Guideline Range: 188 to 235 months

**II.  SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

**III. ADDITIONAL COMMENTS**
The Court imposed a sentence within the amended advisory guideline range that was comparable to the within range sentence imposed at initial sentencing and subsequent sentence reductions. In deciding the sentence to impose, the Court has considered the 18 U.S.C. § 3553(a) factors as well as the defendant's post-rehabilitative conduct. The Court finds that the sentence imposed is appropriate considering the nature and circumstances of the offense and the history and characteristics of Defendant. The Court further finds the sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.